UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONETTE N. NEWBERT,

    Plaintiff,                                       No. 20-11696

v.                                             Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MARCH 3, 2021 REPORT AND RECOMMENDATION [19]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying her application for disability insurance benefits. The Court referred the matter to Magistrate Judge Patricia T. Morris, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (ECF No. 19.) Plaintiff makes two objections to the Magistrate Judge's report and recommendation, (ECF No. 20), and Defendant has responded to those objections, (ECF No. 21). Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. Accordingly, the Court DENIES Plaintiff's motion for summary judgment (ECF No. 14); GRANTS Defendant's motion for summary judgment (ECF No. 16); and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

### A. *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B. Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## III. Analysis

Plaintiff makes two objections to the Magistrate Judge's report and recommendation. Defendant argues the objections improperly reassert previously raised arguments and fail to demonstrate any error in the Magistrate Judge's analysis.

### A. Plaintiff's First Objection

Plaintiff first objects to the Magistrate Judge's finding that the administrative law judge ("ALJ") properly accommodated for Plaintiff's headaches in her residual functional capacity ("RFC"). More specifically, Plaintiff appears to indicate there is an inconsistency between the ALJ's finding that Plaintiff has the severe impairment of psueodotumor cerebri and the ultimate RFC determination. As the Magistrate Judge notes, however, a finding of a severe impairment does not necessarily lead to a conclusion that a claimant does not have the functional capacity to work. *See* ECF No. 19, PgID 1296 (citing *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007)). And, here, the ALJ found Plaintiff capable of performing sedentary work, which is the most restrictive of the exertional levels, and imposed a number of additional limitations, including that she may never work outdoors in bright sunshine or with bright or flickering lights. (ECF No. 12-2, PgID 57.) The Magistrate Judge reviewed the record and found there was evidence that Plaintiff obtained relief from her headaches with medications and treatments. The Magistrate Judge also noted two places in the record that support the limitation placed on Plaintiff's ability to work in environments with certain lighting as a proper limitation for her headaches. The Magistrate Judge therefore found that substantial evidence supports the ALJ's RFC determination. The Court agrees. Plaintiff's first objection is therefore overruled.

### B. Plaintiff's Second Objection

Plaintiff objects to the Magistrate Judge failing to note there is a conflict between the opinion of the state agency medical consultant, Dr. Mika, and the ALJ's RFC determination. More specifically, she notes that Dr. Mika did not impose any limitations with regard to fingering, while the ALJ found she could only finger frequently. As Defendant notes, however, this argument takes issue with the ALJ imposing a greater limitation than the state agency physician found, and Plaintiff does not explain how she was prejudiced by this finding. *See Mosed v. Comm'r of Soc. Sec.*, No. 2:14-cv-14357, 2016 U.S. Dist. LEXIS 36981, at *20 (E.D. Mich. Jan. 22, 2016), *accepted by* 2016 U.S. Dist. LEXIS 35898 (E.D. Mich. Mar. 21, 2016) (argument "the ALJ erred in assessing a *more restrictive* RFC than that opined by the State agency consultants is curious and unavailing"). Thus, Plaintiff's second objection is overruled.

## IV. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. The Court therefore DENIES Plaintiff's motion for summary judgment (ECF No. 14); GRANTS Defendant's motion for summary judgment (ECF No. 16); and AFFIRMS the decision of the Commissioner of Social Security pursuant to § 405(g).

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: May 25, 2021

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2021, by electronic and/or ordinary mail.

<pre>                          s/Lisa Bartlett
                          Case Manager</pre>